ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BRONSON F. PHILLIPS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    CV 310-035<br>) |
| LUCILLE VAUGHN, Nurse, and<br>RYAN TAYLOR, Captain, | )<br>)<br>) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Federal Prison Camp, Maxwell Air Force Base in Montgomery, Alabama, filed the above captioned cause pursuant to 42 U.S.C. § 1983. Simultaneously with filing his original complaint, Plaintiff paid the $350.00 filing fee. As he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 2.) In those instructions, the Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-2.) Plaintiff was informed that he is responsible for properly effecting service of the summon and complaint if Defendants chose not to waive formal service. (Id. at 2.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days from the date the complaint was filed to accomplish service and that the failure to accomplish service could result in dismissal of Defendants from this case. (Id.) When the 120 days allowed for service had elapsed, and there was no evidence in the record that either Defendant had been served, the Court directed Plaintiff to show

cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 5.) The matter is now before the Court on Plaintiff's responses to the Court's September 7th Order to show cause why this case should not be dismissed. (Doc. nos. 6, 7.)

In Plaintiff's first response, he claims that he has, in fact, already filed the "necessary papers for the case" once before, and that they were "misplaced." (Doc. no. 6, p. 1.) Plaintiff then claims that in response to the Court's Order he has now mailed the papers to request waiver of service of summons a second time. (Id.) Plaintiff provides documents in support of his claimed second round of waiver requests, including letters to each Defendant and a "Certificate of Service." (Id., at 2-4.) In further support of Plaintiff's claimed second round of service, his second response contains a copy of certified mail receipts addressed to each Defendant, as well as to the Clerk's Office for the Southern District of Georgia in Augusta, Georgia. (Doc. no. 7, p. 2.) Each receipt is dated for September 20, 2010. (Id.)

Under Fed. R. Civ. P. 4(l), "[u]nless service is waived, proof of service must be made to the court." Service has not been waived by either Defendant; Plaintiff has merely claimed to have mailed waivers to Defendants- not that the forms were completed and returned. Under Fed. R. Civ. P. 4(l), Plaintiff has the burden of demonstrating that service has been properly accomplished. See Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (stating that if a defendant receives mail service, but does not respond, the plaintiff must effect personal service). Thus, when Defendants failed to return executed waivers, the burden was on Plaintiff to properly effect service and file appropriate proof of service with the Court, which he has not done.

In sum, the time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its September

2

7th Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 5 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

Here, Plaintiff has not demonstrated good cause for failing to show proof of proper service. Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991). Plaintiff has given no explanation at all as to why he has provided no proof of service. It appears that Plaintiff may have been mistaken regarding what showing proof of service required, as indicated by his second attempt to serve waivers upon Defendants after receiving the Court's Order to Show Cause. However, a mere mistake on the part of the Plaintiff is not sufficient to show good cause. See Horenkamp, 402 F.3d at 1130.

As stated above, the Court also has discretion to extend time for service even if good cause is not demonstrated. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence that Defendants evaded service. However,

3

the multiple medical requests and grievance forms that Plaintiff included with his complaint indicate that the events underlying his claims took place approximately from February to June of 2006. (Doc. nos. 1-2, 1-3, 1-4, 1-5. 1-6.) Clearly Plaintiff had already passed the two year statute of limitations when this action was initially filed, and thus the statute of limitations would bar a re-filed action. See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) (citations omitted) (stating that the statute of limitations for § 1983 claims filed in Georgia is two years under O.C.G.A. § 9-3-33).

That said, the expiration of the statute of limitations does not necessarily require that the time for service under Rule 4(m) be extended. Horenkamp, 402 F.3d at 1133 (citing Panaras v. Liquid Carbonic Indus., 94 F.3d 338, 341 (7th Cir. 1996), and Petrucelli v. Bohringer, 46 F.3d 1298, 1306 (3d Cir. 1995)). Indeed, "absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Petrucelli, 46 F.3d at 1306.

The statute of limitations issue that Plaintiff faces in the instant case is fundamentally different than the one under consideration in Horenkamp. The record at the district court level in Horenkamp, makes it clear that the statute of limitations on the plaintiff's claims had run after the filing of the complaint. Horenkamp v. Van Winkle & Co., CV 103-3265, doc. nos. 1, 7 (N.D. Ga. May 13, 2004), aff'd 402 F.3d 1129 (11th Cir. 2005). In the instant case, the statute of limitations had already passed before Plaintiff filed his complaint. Thus, Plaintiff's case does not involve a lawsuit that became time barred after the filing of the complaint- Plaintiff's case was time barred before he filed his complaint.

Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "must dismiss the action without prejudice . . . ." However, other courts have

recognized the propriety of dismissing a case with prejudice for failure to serve where the statute of limitations would bar a re-filed action, and thus, any re-filed action would be futile. See Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 297-98 (N.D. Ga. 2008) (citations omitted) (dismissing case with prejudice where the plaintiff had failed to timely effect service and the statute of limitations had expired); see also Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that where a dismissal "has the effect of precluding [plaintiff] from refiling his case due to the running of the statute of limitations, . . . [t]he dismissal [is] tantamount to a dismissal with prejudice" (alteration in original) (citations omitted)).

Accordingly, because the statute of limitations would bar a re-filed action and due to the circumstances discussed above, the Court finds that it is appropriate to recommend the dismissal of the instant case with prejudice. See Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming district court's dismissal for failure to timely effect service where the district court had considered the rules dictated by Horenkamp and Lepone-Dempsey). Therefore, the Court **REPORTS** and **RECOMMENDS** that the case be **DISMISSED** with prejudice for failure to timely effect service. See Schnabel, 922 F.2d at 728-29.

SO REPORTED and RECOMMENDED this 22nd day of October, 2010, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5